# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JASON SENTELL PRESHA | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 1:09-CV-0130-RWS |
| | : | |
| v. | : | |
| | : | |
| SGT. CHARLES MACK, City of | : | CIVIL RIGHTS |
| Atlanta Police, | : | 42 U.S.C. § 1983 |
|     Defendant. | : | |

## ORDER

Plaintiff, Jason Sentell Presha, presently confined at the Muscogee County Prison in Columbus, Georgia, has been granted leave to proceed in forma pauperis in the instant pro se civil rights action. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

## II.   Discussion

In this civil rights action, Plaintiff sues Sergeant Charles Mack of the Atlanta City Police Department. Plaintiff alleges that on August 21, 2006, Sergeant Mack arrested Plaintiff after providing false statements in his police report that Plaintiff had pointed a gun at Sergeant Mack. Based on these alleged false statements, Plaintiff further alleges that he was subsequently charged with aggravated assault and that his

2

probation was revoked.[1]  Liberally construed, it appears that Plaintiff asserts a claim of false arrest against Sergeant Mack.  Plaintiff seeks monetary and equitable relief.

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a Section 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).  In light of the allegations presented and in deference to Plaintiff's pro se status, the Court cannot find that Plaintiff's false arrest claim is "clearly baseless" or "meritless."  Carroll, 984 F.2d at 393; see also Phelps v. Forrister, No. 8:08-CV-971-T-30TGW, 2008 WL 5000027 (M.D. Fla. Nov. 20, 2008) (holding that plaintiff had presented a viable false arrest claim based on allegations that arresting officers had stopped "him for 'no reasonable purpose' and wrote a 'bogus traffic citation' and a 'falsified report'").

Moreover, at this early stage in the proceeding, this Court cannot conclude that Plaintiff's false arrest claim seeking damages should be foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a state prisoner may not seek damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the

---

[1] With respect to the August 21, 2006, incident, this Court takes judicial notice that Plaintiff was convicted by the Fulton County Superior Court of aggravated assault, possession of a firearm by a convicted felon, and eluding police. See http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp.

AO 72A
(Rev.8/82)

validity of his conviction." Id. at 487. A claim asserting false arrest, however, does not necessarily implicate the validity of a subsequent conviction. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003); Laurino v. Tate, 220 F.3d 1213, 1217 (10th Cir. 2000); Hosea v. Langley, No. Civ.A. 04-0605-WS-C, 2006 WL 314454 at *19 (S.D. Ala. Feb. 8, 2006). Further factual and legal development of this case will enable this Court to determine the applicability of Heck to Plaintiff's false arrest claim.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's false arrest claim is **ALLOWED** to **PROCEED** past the § 1915A screening.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for Defendant(s). Plaintiff is **DIRECTED** to complete a USM 285 form, summons, and initial disclosures form for each Defendant named in the complaint, and to return them to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include

AO 72A
(Rev.8/82)

two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant(s) for return of the waiver form, one (1) copy of the amended complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant(s).

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant(s). Each Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant(s) does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant(s). The service package must include the USM 285 form, the summons, and one (1) copy of the amended complaint.

5

Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant(s). The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve Defendant(s) or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant(s) or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant(s) advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this __18th__ day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge

6