# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JASON SENTELL PRESHA, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:09-CV-130-RWS |
| | : | |
| v. | : | |
| | : | |
| SERGEANT CHARLES MACK, | : | PRISONER CIVIL RIGHTS |
| City of Atlanta Police, | : | 42 U.S.C. § 1983 |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff, Jason Sentell Presha, presently confined at the Carroll County Correctional Institute in Carrolton, Georgia, has submitted the instant pro se civil rights action against Sergeant Charles Mack of the Atlanta City Police Department. On February 18, 2009, this Court granted Plaintiff's motion to proceed in forma pauperis ("IFP"). [Doc. 5]. This matter is presently before the Court on Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 12].

## I. Background

Plaintiff alleges that on August 21, 2006, Defendant arrested Plaintiff after providing false statements in his police report that Plaintiff had pointed a gun at Defendant. Based on these alleged false statements, Plaintiff further alleges that he

was subsequently charged with aggravated assault and that his probation was revoked. With respect to the August 21, 2006, arrest, this Court takes judicial notice that Plaintiff subsequently was convicted by the Fulton County Superior Court of aggravated assault, possession of a firearm by a convicted felon, and eluding police. See http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp.

By Order entered on March 20, 2009, Order, this Court conducted a 28 U.S.C. § 1915A screening of Plaintiff's complaint. [Doc. 6]. After construing his allegations as asserting a claim of false arrest, this Court allowed Plaintiff's claim to proceed. [Id. at 3-4]. On May 11, 2009, Defendant filed a pre-answer motion to dismiss the complaint pursuant to Rule 12(b)(6). [Doc. 12].

**II.     Motion to Dismiss Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint" and is to limit "its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, a complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. Discussion

In his Rule 12(b)(6) motion, Defendant asserts that Plaintiff's false arrest claim is time barred because Plaintiff filed his complaint outside of the applicable two-year statute of limitations' period. [Doc. 12, Br. at 4-6]. Defendant contends that Plaintiff's false arrest claim accrued forty-eight hours after he was arrested on August 21, 2006, and that Plaintiff failed to file the instant action within two years of August 23, 2006. [Id. at 5-6].

While somewhat difficult to decipher, Plaintiff responds that he was unable to file a lawsuit due to his immediate placement in a mental treatment room after being arrested. [Doc. 13 at 2]. Plaintiff further alleges that he was "mental" during his time in custody as a pretrial detainee and that the Fulton County Superior Court further ordered the Georgia Department of Corrections to provide him with mental health treatments. [Id. at 3].

It is unnecessary to reach the statute of limitations' argument raised in Defendant's motion to dismiss because this Court will sua sponte reconsider whether

3

Plaintiff's false arrest claim should be foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994).[1] See Cistrunk v. Johnson, No. 09-2203, 2009 WL 2766727, at *3, 9 (D. Minn. Aug. 31, 2009) (declining to reach arguments raised in the defendants' motion to dismiss, or for summary judgment, based on the conclusion that plaintiff's complaint should be dismissed as Heck-barred "upon the Court's own [m]otion"). Pursuant to 28 U.S.C. § 1915, the district court shall dismiss a civil action filed IFP "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). The same standards regarding a Rule 12(b)(6) motion also govern a § 1915(e)(2)(B)(ii) dismissal. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Heck, a state prisoner may not seek damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the validity of his conviction." Heck, 512 U.S. at 487. As noted in this Court's March 20, 2009, order, a claim asserting false arrest does not necessarily implicate the validity of a subsequent conviction. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003); Laurino v. Tate, 220 F.3d 1213,

---

[1] In screening Plaintiff's complaint pursuant to § 1915A, this Court remarked that "[f]urther factual and legal development of this case will enable this Court to determine the applicability of Heck to Plaintiff's false arrest claim." [Doc. 6 at 4].

AO 72A
(Rev.8/82)

1217 (10th Cir. 2000); Hosea v. Langley, No. Civ.A. 04-0605-WS-C, 2006 WL 314454 at *19 (S.D. Ala. Feb. 8, 2006). However, in addition to precluding actions where plaintiffs seek damages directly attributable to a conviction or confinement, Heck also operates to bar any claims where a plaintiff, in order to prevail, must negate an element of the offense of which he has been convicted. Heck, 512 U.S. at 486-87; Hughes, 350 F.3d at 1160.

In his complaint, Plaintiff alleges that Defendant arrested Plaintiff after providing false statements in his police report that Plaintiff had pointed a gun at Defendant. If Plaintiff could successfully prove that Defendant had made such a false report, Plaintiff would effectively negate necessary elements of his subsequent convictions for aggravated assault and possession of a firearm by a convicted felon. Plaintiff's allegations regarding Defendant's false report, therefore, "amount[] to the kind of attack on the factual basis for a conviction that [the Eleventh Circuit Court of Appeals has] deemed impermissible under Heck." See Weaver v. Geiger, 294 Fed. Appx. 529, 533 (11th Cir. 2008).

Pursuant to Heck, any action that seeks by nature to challenge the validity of a conviction must be dismissed until the conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. Plaintiff fails to allege any facts that his convictions have been reversed or otherwise invalidated or called into question. Thus, Plaintiff's false arrest claim must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, to the extent that Plaintiff seeks to attack his underlying criminal conviction by the Fulton County Superior Court, such allegations directly relate to the fact of his confinement arising from the state court judgment of conviction. Plaintiff cannot state an actionable § 1983 claim based on these allegations because habeas corpus is the exclusive remedy for a state prisoner who makes such a challenge. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Plaintiff, however, must exhaust his state remedies before he may seek federal habeas corpus relief with regard to his convictions. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, as Plaintiff's false arrest claim is Heck-barred.

AO 72A
(Rev.8/82)

**IT IS FURTHER ORDERED** that Defendant's Rule 12(b)(6) motion [Doc. 12] is **DENIED** as moot with regard to his contention that Plaintiff's false arrest claim is barred by the running of the applicable statute of limitations.

**IT IS SO ORDERED**, this  5th  day of October, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)